FILED & ENTERED

MAR 27 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia DEPUTY CLERK

# NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

NORMA ALICIA JAUREGUI,

Debtor.

Case No. 2:09-bk-26342-PC

Chapter 7

**MEMORANDUM DECISION**

Date: March 12, 2013
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom # 1468
255 East Temple Street
Los Angeles, CA 90012

This matter comes before the court on an objection by Norma Alicia Jauregui ("Debtor") to Claim # 13 filed by the Silverstein Law Firm, APC ("Silverstein") and a motion by the Debtor to dismiss her voluntary chapter 7 petition contingent upon a disallowance of Silverstein's claim. Alberta P. Stahl, Chapter 7 Trustee ("Stahl") supports disallowance of Silverstein's Claim # 13 and expresses limited opposition to dismissal of the case. Silverstein opposes both dismissal and a disallowance of its claim. The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law pursuant to

F.R.Civ.P. 52(a)(1),[1] as incorporated into FRBP 7052 and applied to contested matters in bankruptcy cases.

## I. STATEMENT OF FACTS

On June 26, 2009, Debtor filed her voluntary petition under chapter 11 of the Code in the above referenced case. In her Schedule F filed on July 10, 2009, Debtor listed Silverstein as the holder of a disputed unsecured non-priority claim for attorneys' fees in the amount of $175,000. On September 9, 2009, the case was converted to a case under chapter 7 and Stahl was appointed as trustee. The claims deadline was January 4, 2010. Notice of the deadline was sent to all creditors on September 14, 2009.

On January 4, 2010, Silverstein filed a 259-page proof of claim ("Claim # 13") asserting an unsecured non-priority claim against the Debtor's estate in the amount of $179,968.22 for legal services performed and costs advanced by Silverstein to the Debtor. Silverstein's Claim # 13 is predicated upon a written agreement dated April 12, 2008, between Silverstein and the Debtor, Debtor's estranged husband, Salvador Jauregui, S&M Auto Sales, Rodolfo Jauregui, Martha Jauregui and RB Romar Insurance for legal representation in conjunction with land use and eminent domain matters involving the City of South Gate, the Firestone Blvd./Atlantic Ave. Intersection Improvement Project, and the adjacent proposed Gateway Project (the "Fee Agreement").[2] Paragraph 9 of the Fee Agreement states, in pertinent part:

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

[2] Silverstein also represented Luz Adriana Verduzco Meono and El Camino Real Estate and Mortgage on the same legal and factual issues. According to Silverstein's response:

> "Separate retainer agreements were executed including: (i) a November 3, 2006 retainer agreement between Norma Jauregui [and her brother-in-law, Rodolfo Jauregui] and Silverstein; (ii) a retainer agreement dated December 15, 2007 between Luz Adriana Verduzco Meono and Silverstein; and (iii) an April 12,

> Arbitration. We appreciate the opportunity to serve as Client's attorneys and anticipate a productive, harmonious relationship. However, if a dispute should arise between us which cannot be resolved by negotiation, we believe such dispute is more satisfactorily resolved through binding arbitration than by litigation in court.
>
> *Therefore, Client and Attorney agree that, if any dispute arises out of or relating to this Contract or the services performed hereunder, whether based on negligence, breach of fiduciary duty, fraud, breach of contract or a statute, or any other matter, such dispute shall be resolved by submission to binding arbitration in Los Angeles County, California, before a retired judge or justice.*[3]

Silverstein defended the Clients, including the Debtor, in three actions instituted by the City of South Gate and pursued mandamus actions under the California Environmental Quality Act, Cal. Pub. Resources Code § 21000, et seq., and the California Public Records Act, Cal. Gov't. Code § 6250, et seq. After paying some legal fees, the Clients stopped making payments to Silverstein.

First Arbitration.

On July 20, 2009, Silverstein sent a Notice of Right to Arbitrate to the Clients, excluding the Debtor, pursuant to paragraph 9 of the Fee Agreement. By then the Debtor had commenced her bankruptcy case. Silverstein's claim against the Clients for unpaid legal fees and costs under the Fee Agreement was then referred to binding arbitration under the Los Angeles County Bar Association Mandatory Fee Arbitration Act ("MFAA") in Case No. M-252-09-SBM, In the Matter of the Arbitration Between Luz A. Meono, et al. and Robert Silverstein Esq., et al.[4] On

---

> 2008 agreement between Norma Jauregui, Salvador Jauregui and S&M Auto Sales, Rodolfo Jauregui, Martha Jauregui and RB Romar Insurance, and Silverstein. Because of common issues of law and/or fact pertaining to some of the aspects of these representations, where appropriate, services rendered were divided between and among the parties receiving the benefit of those services on a pro rata basis."

Response in Opposition to Objection to Claim # 13 ("Response") 3:17-24. Debtor, Salvador Jauregui, S&M Auto Sales, Rodolfo Jauregui, Martha Jauregui, RB Romar Insurance, Luz Adriana Verduzco Meono and El Camino Real Estate and Mortgage are hereafter collectively referred to as the "Clients."

[3] Claim # 13, at 5 (emphasis in original).

[4] According to Silverstein:

November 11, 2010, a Statement and Decision of Award was entered by a three-member arbitration panel in favor of Silverstein awarding (1) the sum of $146,712.08 to Silverstein from Adriana Verduzco Meono; (2) the sum of $195,603.75 to Silverstein from Salvador Jauregui and S&M Auto Sales, jointly and severally; and (3) the sum of $128,414.61 to Silverstein from Rodolfo Jauregui.[5] In response, the Clients who participated in the arbitration rejected the arbitration award and filed suit against Silverstein.

Second Arbitration.

On December 9, 2010, Salvador Jauregui, Monika Jauregui and S&M Auto Sales filed a Rejection of Award and Request for Trial After Attorney-Client Fee Arbitration in Case No. BC450766, Jauregui, et al. v. Silverstein, et al., in the Superior Court of California, County of

---

> There were three party groups to the underlying Los Angeles County Bar Association MFAA arbitration and the subsequent JAMS arbitration before retired Justice [Richard C.] Neal. The first group was frequently referred to as the "Norma Group" for ease of reference. That is because Norma Jauregui, the Debtor, was a client of Silverstein in her individual capacity at the commencement of the attorney-client relationship. Later, approximately midway through the representation, and as to an additional lawsuit, Debtor's husband and business became parties. These were collectively referred to as the "Norma Group" . . . . The other two groups were the "Rudy Group," which included the brother-in-law Rodolfo Jauregui, his wife and their business. The third group was the "Verduzco Group," which included a neighbor, Luz Adriana Verduzco and her business. All three of the "Norma Group", "Rudy Group", and "Verduzco Group" were defendants in related complaints in eminent domain filed against them by the City of South Gate.

Silverstein's Response 4:24 to 5:9.

[5] In its Statement of Award and Decision, the arbitration panel identifies the Debtor as a party to the arbitration. However, the panel then states:

> It was unclear whether or not the proceeding was being maintained as to Norma Jauregui inasmuch as there was no dispute that she had previous to the hearing filed for bankruptcy protection under Title 11 of the United States Code. The arbitrators concluded that this decision as to her would be for informational purposes only.

Silverstein's Response, 28:27 to 29:2.

Los Angeles. In their amended complaint filed on or about June 6, 2011, Salvador Jauregui, Monika Jauregui and S&M Auto Sales sought a judgment against Silverstein for consequential and punitive damages for alleged legal malpractice, breach of contract and breach of fiduciary duty, and a rescission of the Fee Agreement or, alternatively, a reformation of the Fee Agreement to excise the arbitration clause. Similar lawsuits were filed by the Verduzco Group and the Rodolfo Group denominated Case Nos. BC450775 and BC450777, respectively. Silverstein sought to recover by counterclaim in each of the three cases the attorneys fees and costs remaining unpaid under the Fee Agreement. The three cases were consolidated under Case No. BC450775 and, upon the motion of Silverstein, referred to arbitration.

The arbitration was conducted by retired Justice Richard C. Neal of Judicial Arbitration and Mediation Services ("JAMS") under JAMS Arbitration Number 1220043833. Debtor actively participated in the Second Arbitration, testified as a witness for the plaintiffs and was cross-examined as a witness, but was not a party to the consolidated lawsuit that was the subject of the arbitration.[6] Debtor testified that she controlled the litigation for Salvador Jauregui because he was in Mexico at the time of arbitration.[7]

On October 2, 2012, Justice Neal issued a final award in the Second Arbitration concluding that "[b]oth claims and counterclaims are rejected, and the parties are entitled to a judgment dismissing both claims and counterclaims with prejudice."[8] In so holding, Justice Neal concluded that Silverstein had charged the Clients an unconscionable fee in violation of Rule 4-

---

[6] Debtor Norma Alicia Jauregui's Objection to the Claim of Robert P. Silverstein, et al. ("Debtor's Objection"), 21:5-8. Salvador Jauregui, Monika Jauregui and S&M Auto Sales admit in their first amended complaint that Debtor was not a party to Case No. BC450776 due to her pending bankruptcy case. See Silverstein Response, 66:26 n.1.

[7] Debtor's Objection, 21:8-10.

[8] Debtor's Objection, Exhibit 2 at 27.

200 of the California Rules of Professional Conduct[9] and therefore, was not entitled to collect the remaining fees and costs sought under the Fee Agreement. Justice Neal determined that the Clients were unsophisticated and that Silverstein failed to obtain the Clients' "informed consent to incurring fees of the escalating magnitude of [Silverstein's] billings."[10] There was no

---

[9] Rule 4-200. Fees for Legal Services, states:

(A) A member shall not enter into an agreement for, charge, or collect an illegal or unconscionable fee.

(B) Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into except where the parties contemplate that the fee will be affected by later events. Among the factors to be considered, where appropriate, in determining the conscionability of a fee are the following:

(1) The amount of the fee in proportion to the value of the services performed.

(2) The relative sophistication of the member and the client.

(3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly.

(4) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the member.

(5) The amount involved and the results obtained.

(6) The time limitations imposed by the client or by the circumstances.

(7) The nature and length of the professional relationship with the client.

(8) The experience, reputation, and ability of the member or members performing the services.

(9) Whether the fee is fixed or contingent.

(10) The time and labor required.

(11) The informed consent of the client to the fee.

Cal. Prof. Code, Rule 4-200.

[10] Debtor's Objection, Exhibit 2 at 25.

evidence that Silverstein ever provided the Clients with a written budget for the litigation.[11] Justice Neal also determined that "the results obtained did not support an award of additional fees."[12] He observed that the [C]lients were not easy to deal with," but stated there was "no evidence that the [C]lients were sitting on piles of cash sufficient to pay [Silverstein's] bills and simply stiffing him." Rather, the evidence supported a finding that the Clients were "people of modest means whose claims of inability to pay are plausible and credible."[13]

On January 16, 2013, a judgment was entered in the consolidated cases granting the Clients' petition to confirm the arbitration award (the "Arbitration Judgment"). The Arbitration Judgment provided, in pertinent part:

> All claims by LUZ ADRIANA VERDUZCO MEONO, and Individual; VERDUSCO AND ASSOCIATES CORPORATION, a California corporation, dba EL CAMINO REAL ESTATE INVESTMENTS and dba EL CAMINO MORTGAGE a/k/a EL CAMINO REAL ESTATE AND MORTGAGE [in BC450775]; SALVADOR JAUREGUI, an Individual; S&M AUTO SALES, a Sole Proprietorship; and MONIKA JAUREGUI, Individually and dba S&M AUTO SALES [in BC450776]; RODOLFO JAUREGUI, and Individual; MARTHA JAUREGUI, an Individual; and ROMAR BUSINESS, INC., a California corporation, dba RB ROMAR INSURANCE [in BC450777] (hereafter collectively referred to as "Plaintiffs") and all counterclaims by ROBERT P. SILVERSTEIN, an Individual Attorney; THE SILVERSTEIN LAW FIRM, APC, a Professional Law Corporation [in BC450775, BC450776, and BC450777] (hereafter collectively referred to as "Defendants") are rejected and dismissed with prejudice.[14]

In her objection, Debtor asserts that the Arbitration Judgment, which disallowed Silverstein's claim under the Fee Agreement for attorneys fees and costs against all the Clients, except the Debtor, should be given preclusive effect; and that Silverstein's Claim # 13 against the Debtor based on the same Fee Agreement declared unenforceable under the judgment should therefore be disallowed. Silverstein disagrees, arguing several points in response – the most

---

[11] Id. at 24.

[12] Id. at 25.

[13] Id. at 26.

[14] Debtor's Objection, Exhibit 1 at 2:9-20.

persuasive of which is that issue preclusion is unavailable to the Debtor as a matter of law because under California law a private arbitration award cannot have non-mutual collateral estoppel effect absent an agreement by the arbitral parties, citing Vandenburg v. Super. Ct., 21 Cal.4th 815, 982 P.2d 229 (1999).

At a hearing on March 12, 2013, the court heard argument from Debtor, Silverstein and Stahl and took the matters under submission.

## II. DISCUSSION

This court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Debtor's objection to Silverstein's Claim # 13 is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Debtor's motion to dismiss this bankruptcy case is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

### A. Debtor's Objection to Silverstein's Claim # 13

#### 1. Burden of Proof on Objection to Claim

A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Absent an objection, a proof of claim constitutes prima facie evidence of the validity and amount of the claim under FRBP 3001(f). Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000). When a creditor has filed a proof of claim that complies with the rules, thereby giving rise to the presumption of validity, the burden shifts to the objecting party who must "present evidence to overcome the prima facie case." U.S. v. Offord Fin., Inc. (In re Medina), 205 B.R. 216, 222 (9th Cir. BAP 1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." Lundell, 223 F.3d at 1039, quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). "The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Lundell, 223 F.3d at 1040, quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the

claim by a preponderance of the evidence. Ashford v. Consol. Pioneer Mort. (In re Consol. Pioneer Mort.), 178 B.R. 222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151 (9th Cir. 1996), quoting Allegheny Int'l, 954 F.2d at 173-74**.** The ultimate burden of persuasion remains at all times on the claimant. Lundell, 223 F.3d at 1039; Holm, 931 F.2d at 623.

Silverstein's Claim # 13 was timely filed, complies with the requirements of FRBP 3001, and "constitute[s] prima facie evidence of the validity and amount of [its] claim." See FRBP 3001(f). Debtor seeks to defeat Silverstein's claim through a defensive use of collateral estoppel.[15]

2. Issue Preclusion

"Collateral estoppel, or issue preclusion, prevents parties from from relitigating an issue of fact or law if the same issue was determined in prior litigation." Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1114 (9th Cir. 1999). Issue preclusion serves to protect litigants from multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication by reducing the likelihood of inconsistent decisions. Allen v. McCurry, 449 U.S. 90, 94 (1980); Mont. v. U.S., 440 U.S. 147, 153-54 (1979). See generally, C. Klein, et. al., Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 852-58 (2005). The

[15] "Collateral estoppel is used "offensively" to establish a claim for relief rather than an affirmative defense. C. Klein, et al., Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 857 n.62 (2005). It may be used "to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979). "Defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" Id. at 329; see Bernhard v. Bank of Am. Nat'l Trust & Sav. Ass'n, 19 Cal.2d 807, 813 (1942) ("The cases justify this exception on the ground that it would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries."). "[D]efensive collateral estoppel gives a plaintiff a strong incentive to join all potential defendants in the first action if possible." Parklane Hosiery, 439 U.S. at 329-30. "In both the offensive and defensive use situations the party against whom estoppel [issue preclusion] is asserted has litigated and lost in the earlier action." Id. at 329. The Restatement (Second) of Judgments "does not distinguish between offensive and defensive uses of issue preclusion, except to require a stronger showing that the prior opportunity to litigate was adequate when the preclusion is asserted offensively." C. Klein, et al., Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 857 n.62 (2005).

preclusive effect of a prior California judgment is determined by California law. See Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) ("[W]e apply California law of res judicata to the California judgment, New York law to the New York judgment, and federal law to the federal judgments").

Under California law, issue preclusion may be applied only when five threshold requirements are satisfied:

> First, the issue sought to be precluded from litigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Lucido v. Super. Ct., 51 Cal.3d 335, 341, 795 P.2d 1223 (1990). The court must also determine whether the use of issue preclusion under the facts and circumstances of the case comports with sound public policy. Id. at 342-43. "[T]he public policies underlying collateral estoppel – preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation – strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy." Id. at 343; see Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 108 (9th Cir. BAP 2007) ("In California, issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness."); Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824-25 (9th Cir. BAP 2006), aff'd, 506 F.3d 956 (9th Cir. 2007) ("The sixth element is a mandatory 'additional' inquiry into whether imposition of issue preclusion in the particular setting would be fair and consistent with sound public policy.).

Under California law, an arbitration award confirmed by a judgment has the same force and effect as a judgment entered by that court in a civil action. See Cal. Code Civ. P. § 1287.4. Therefore, issues that are actually litigated and necessarily decided in the course of obtaining an arbitration award that was confirmed by a California court are eligible for preclusive effect under California law as between parties to the confirmed arbitration award. See Khaligh, 330 B.R. at

832, aff'd, 506 F.3d 956 (9th Cir. 2007). But the California Supreme Court has forbidden courts from giving preclusive effect to a judicially-confirmed arbitration award in favor of a non-party to the arbitration unless the arbitral parties so agreed. Vandenburg, 21 Cal.4th at 834; see Khaligh, 330 B.R. at 826, aff'd, 506 F.3d 956 (9th Cir. 2007) ("California decisional law permits an arbitration award to provide the basis for issue preclusion in the mutual context (i.e., between the same parties and those in privity with them), but not in the nonmutual (i.e., third party) context unless the arbitral parties agree to such nonmutual use.").

3. Issue Preclusion Cannot Be Applied to Defeat Silverstein's Claim

There is no question that the essential elements of issue preclusion under California law are present in this case. The issue sought to be precluded is the validity and enforceability of the Fee Agreement as between Silverstein and the Clients. This issue was actually litigated and necessarily decided in the prior consolidated state court action. The record and the decision of Judge Neal demonstrate that Silverstein had a full and fair opportunity to litigate its claim under the Fee Agreement. The Arbitration Judgment is a final judgment; and Silverstein, the party against whom preclusion is sought, was a party to the prior case, sued to enforce the Fee Agreement and lost. Because the arbitration before Judge Neal "was conducted in an inherently adjudicatory fashion," the Arbitration Judgment that confirmed the arbitration award "satisfies the California law requirement that application of issue preclusion be fair as between the parties and comport with public policy." See Khaligh, 330 B.R. at 830, aff'd, 506 F.3d 956 (9th Cir. 2007). Therefore, Silverstein's Claim # 13 could be disallowed based upon the preclusive effect of the Arbitration Judgment but for Vandenberg.

The majority of courts give preclusive effect to a judicially confirmed private arbitration award that satisfies the test for collateral estoppel even in favor of non-parties to the arbitration. See, e.g., Witkowski v. Welch, 173 F.3d 192, 206 (3d Cir. 1999) ("”[T]he fraud and fraudulent conveyance issues brought against Welch and Srein are so inextricably intertwined with one another that the disposal of claims against the one is necessarily fatal to the alleged claim against the other."); Mandich v. Watters, 970 F.2d 462, 465-67 (8th Cir. 1992) (holding that an arbitration award in favor of North Stars declaring Mandich's contract claim unenforceable was

entitled to preclusive effect in a subsequent action by Mandich against his agent, Watters); W. Indus. and Env'tl. Servs., Inc. v. Kaldveer Assocs., Inc., 126 Idaho 541, 545, 887 P.2d 1048 (1994) ("Since the arbitrator has already decided [in an action against Hagadone] that Western suffered no damages because of any alleged negligence, it should not be able to relitigate that issue against Kaldveer."). Vandenberg is contrary to the predominant view. See Vandenberg, 21 Cal.4th at 834 ("We realize that some commentators, and most other courts addressing the issue, have taken a contrary approach."). This court must apply Vandenberg to the facts of this case, notwithstanding its disagreement with the rule itself. In the court's view, the Vandenberg standard undermines judicial economy while exposing parties to multiple lawsuits and the possibility of inconsistent decisions. Vandenberg "gives a party asserting claims against nonarbitrating parties an undeserved second bite at the apple if they are not satisfied with the arbitration award." Id., at 844 (J. Brown, concurring and dissenting opinion).

Silverstein and the Clients, including the Debtor, had conflicting claims arising out of a common nucleus of operative facts. Vandenberg was the law in California at the inception of the dispute. When Silverstein and the Clients, excluding the Debtor, elected to resolve the dispute through arbitration, Vandenberg required the arbitral parties to agree that any judgment confirming an arbitration award would have binding and preclusive effect as to third parties. There is no evidence that the arbitral parties made such an agreement. At the time of the arbitration, Silverstein may have understood the impact of Vandenberg and the Debtor may not have appreciated its consequences. Silverstein was prevented by the automatic stay from pursuing its claim against the Debtor, but at no time did he seek relief from the stay to join the Debtor to the arbitration for the purpose of resolving the disputed claims in one forum. Silverstein had no reason to do so given the fact that Vandenberg permitted him under the circumstances to litigate his claims separately against the Debtor. Debtor, on the other hand, was no stranger to the arbitration, but apparently underestimated the reach of Vandenberg. Debtor actively participated in the arbitration but was not a party to the proceeding. There is no evidence that she sought to be made a party but was prevented from doing so. On the contrary, it

appears that Debtor could have fought to join the arbitration to avoid the consequences of Vandenberg, but instead chose to shield herself with the automatic stay to keep her options open.

Vandenberg's holding is not limited to "the offensive use by a non-party in future unrelated litigation," as asserted by the Debtor. There is nothing in Vandenberg limiting its application to "offensive" as opposed to "defensive" use of collateral estoppel. Nor can the Debtor skirt Vandenberg by claiming that her liability under the Fee Agreement is, at best, derivative. See, e.g., Richard B. LeVine, Inc. v. Higashi, 131 Cal.App.4th 566, 579, 32 Cal.Rptr.3d 244 (2005) ("It would be anomalous to hold Higashi liable for conspiring to commit a tort, or for aiding and abetting in its commission, where plaintiff has already asserted those rights against the direct tortfeasor, the claim was adjudicated, and it was determined plaintiff's rights were not violated."); Thibodeau v. Crum, 4 Cal.App.4th 749, 758, 6 Cal.Rptr.2d 27 (1992) (Because "[t]he arbitration mandated by the Thibodeau/Eller construction agreement, was intended to settle all existing claims between the Thibodeaus and their general contractor and subcontractors regarding the Thibodeau project," an arbitration award in favor of the Thibodeaus against Eller, the general contractor, precluded the Thibodeaus' claims under the contract in a separate action against Crum, a subcontractor); Sartor v. Super. Ct., 136 Cal.App.3d 322, 328, 187 Cal.Rptr. 247 (1982) (holding that an arbitration award absolving Interactive, a corporation, of liability to homeowners for alleged fraud precluded identical action by homeowners against Sartor and other Interactive employees).

Debtor was a party to the Fee Agreement, but not a party to the arbitration that resulted in a judicially-confirmed arbitration award dismissing Silverstein's claims based on the Fee Agreement. Debtor's potential liability under the Fee Agreement is direct, not derivative. Because the arbitral parties did not agree that the Arbitration Judgment would have collateral estoppel effect in favor of third parties, Debtor's objection to Silverstein's Claim # 13 predicated on the preclusive effect of the Arbitration Judgment will be overruled without prejudice.

B. Debtor's Motion to Dismiss

Section 707(a) permits the dismissal of a chapter 7 case only for cause. 11 U.S.C. § 707(a). A debtor has no absolute right to dismiss a chapter 7 case. Bartee v. Ainsworth

(In re Bartee), 317 B.R. 362, 366 (9th Cir. BAP 2004); Leach v. U.S. (In re Leach), 130 B.R. 855, 857 n.5 (9th Cir. BAP 1991). In the Ninth Circuit, "a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice' to interested parties." Leach, 130 B.R. at 857. The debtor bears the burden of proving that dismissal would not prejudice creditors. Bartee, 317 B.R. at 366. Where dismissal is prejudicial to creditors, it should not be granted. Gill v. Hall (In re Hall), 15 B.R. 913, 917 (9th Cir. BAP 1981), citing In re Int'l Airport Inn P'ship, 517 F.2d 510 (9th Cir. 1975).

Debtor's motion is based on the erroneous supposition that Silverstein's Claim # 13 will be disallowed in its entirety and therefore, Stahl will have sufficient funds to pay all allowed claims in full in conjunction with a dismissal of the case. Because the court must overrule the objection to Silverstein's proof of claim, Debtor has failed to establish cause for dismissal under § 707(a).

Debtor's bankruptcy case has been pending nearly four years. Stahl is administering the case as an asset case. Stahl has funds on hand of $311,824.34. The administrative expenses consisting primarily of fees owing to the trustee and her professionals exceed $204,839. The Internal Revenue Service and United States trustee assert priority claims of $100 and $325, respectively. Five creditors, excluding Silverstein, hold allowed unsecured non-priority claims totaling $12,066.09. Dismissal contingent upon payment of all claims and administrative expenses is not possible absent disallowance of Silverstein's claim.

Stahl has funds available to pay claims at least in part, and two adversary proceedings remain pending in the case: (1) Adversary No. 2:11-ap-03061-PC -- Stahl's complaint against Salvador Jauregui, Jr. to sell certain real property owned by Debtor and Salvador Jauregui, Jr. in Riverside County, California; and (2) Adversary No. 2:12-ap-01743-PC – Stahl's complaint against Salvador Jauregui, Guadalupe Jauregui and Maria Jauregui to sell certain real property owned by the Debtor, Salvador Jauregui, Guadalupe Jauregui and Maria Jauregui at 1125 Spence Street, Los Angeles, California. Dismissal of the case would be prejudicial to creditors because there is no guarantee that Debtor

will pay the debts outside of bankruptcy. Bartee, 317 B.R. at 366; In re Stephenson, 262 B.R. 871, 874-75 (Bankr. W.D. Okla. 2001).

Creditors have a right to expect an orderly distribution of the Debtor's non-exempt assets through the efforts of a trustee who has a fiduciary duty to them. Because the Debtor has not established the requisite cause for dismissal of the case, the motion will be denied.

III. CONCLUSION

For the reasons stated, Debtor's objection to Silverstein's Claim # 13 is overruled without prejudice and Debtor's motion to dismiss is denied without prejudice.

Separate orders will be entered consistent with this memorandum decision.

###

Date: March 27, 2013

Peter H. Carroll
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) –** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 03-27-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Eugene S Alkana eugenealkana@mindspring.com, kathy.wilber@yahoo.com
- Eugene S Alkana , kathy.wilber@yahoo.com
- Raymond G Alvarado ralvarado@alvaradosmith.com
- Stephen L Burton steveburtonlaw@aol.com
- Russell Clementson russell.clementson@usdoj.gov
- Ronald R Cohn rcohn@horganrosen.com
- Arnold L Graff ecfcacb@piteduncan.com
- Lewis R Landau LLandau@HorganRosen.com
- Dennette A Mulvaney dmulvaney@bisnosam.com
- Bruce P Needleman attybpn@aol.com
- Carmela Pagay cpagay@rdwlawcorp.com
- Carmela Pagay ctp@lnbrb.com
- Carmela Pagay ctp@lnbyb.com
- Lindsey L Smith lls@lnbyb.com
- Alberta P Stahl (TR) trusteestahl@earthlink.net, astahl@ecf.epiqsystems.com;trusteestahl\;\;\;.net@cacbapp.cacb.circ9.dcn
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Timothy J Yoo tjy@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page